Dear Mr. Young:
You ask the opinion of this office concerning whether the Louisiana Board of Examiners of Certified Shorthand Reporters ("Board") can sponsor its own continuing education classes, in addition to fulfilling its duty to approve qualified continuing education classes provided by third parties.
The Board is governed by Chapter 32 of Title 37 of the Louisiana Revised Statutes. La.R.S. 37:2551, et seq. The original version of La.R.S. 37:2553(A), which set forth the powers of the Board, was silent with regard to continuing education:
The board shall aid in all matters pertaining to the advancement of the science of shorthand reporting as hereinafter defined, including but not by way of limitation, all matters that may advance the professional interest of Certified Shorthand Reporters, and such matters as concern their relations with the public.
Acts 1970, No. 456. Nevertheless, in 1990 this office issued an opinion finding that the Board could expend funds generated from license fees to conduct continuing education classes for licensees. La.Op.Atty.Gen. No. 90-570. The opinion was based on the premise that the expenditure of funds to conduct continuing education classes fell within the purview of the Board's authority to advance the science of shorthand reporting. Id., citing La.R.S. 37:2553(A) (since revised). *Page 2 
In that same year the legislature amended the Board's governing statutes and, inter alia, authorized the Board to implement continuing education requirements:
The board shall aid in all matters pertaining to the advancement of the science of shorthand reporting as hereinafter defined, including but not by way of limitation, all matters that may advance the professional interest of certified shorthand reporters, including the development, implementation, and enforcement of continuing education requirements and such matters as concern their relations with the public.
La.R.S. 37:2553(A); Acts 1990, No. 286, § 1. As seen from the quoted statutes, the 1990 amendment retained the authorization to "aid in all matters pertaining to the advancement of the science of shorthand reporting," and further authorized the Board to develop, implement, and enforce continuing education requirements. Id.
As stated in our earlier opinion, the general authority to "aid in all matters pertaining to the advancement of the science of shorthand reporting" is sufficient authority to conduct continuing education classes. La.Op.Atty.Gen. No. 90-570. Furthermore, we find that the authority granted by the 1990 amendment for the "development, implementation, and enforcement" of continuing education encompasses the authority to sponsor continuing education classes. La.R.S. 37:2553(A). To find otherwise would condition the continuing education requirements on the availability of qualified classes sponsored by third parties. We are unwilling to interpret La.R.S. 37:2553(A) in a manner that may hinder, rather than promote, the implementation of continuing education requirements.
In accordance with the foregoing, this office is of the opinion that the Board can legally sponsor continuing education classes. Of course, any classes sponsored by the Board would be subject to the substantive and procedural requirements set forth in Chapter 6 of the Regulations promulgated by the Board, including the approval process for providers of continuing education set forth in Section 613. LAC 46.XXI:601, et seq.
Your question concerning the ethical implications of your contemplated action is governed by the Louisiana Code of Governmental Ethics, La.R.S.42:1111, et seq. The Louisiana State Board of Ethics renders advisory rulings regarding the Code of Governmental Ethics. You may contact the Board of Ethics by telephone at 225-219-5600, or by mail at Post Office Box 4368, Baton Rouge, Louisiana, 70821. *Page 3 
We trust that this opinion adequately responds to your request, and thank you for the opportunity to be of service. If you have any questions or comments, please contact our office.
Sincerely yours,
JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL
BY:____________________
Charles W. Belsom, Jr.
Assistant Attorney General
JDC:CWB:Irs